**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 12-5023

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

HENRY LEWIS GARLAND, JR.,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:08-cr-00015-WO-6)

_____

Submitted:  May 23, 2013         Decided:  May 28, 2013

_____

Before MOTZ and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

John D. Bryson, WYATT, EARLY, HARRIS & WHEELER, LLP, High Point, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Graham T. Green, Assistant United States Attorney, Winston-Salem, North Carolina; Bethany Corbin, Clinical Program Law Student, WAKE FOREST UNIVERSITY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Henry Lewis Garland, Jr., appeals the sixteen-month sentence imposed upon revocation of his term of supervised release. He contends that the upward variance sentence was unreasonable because the district court did not find that Garland's criminal history category understated his criminal record. We affirm.

We will not disturb a sentence imposed after revocation of supervised release that is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006). In making this determination, we first consider whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks and citations omitted).

Although a district court "ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum," Crudup, 461 F.3d at 439 (internal quotation marks omitted), the court must consider the Chapter Seven policy statements in the federal Sentencing Guidelines manual, as well as the statutory requirements and

factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006).

In determining Garland's revocation sentence, the district court considered the Chapter Seven policy statements, the statutory requirements, and the relevant factors in § 3553(a). The court noted that the six-month revocation sentence Garland previously received was insufficient to protect the public and deter him from future criminal activity. The court also considered Garland's continued illegal conduct while on supervision—including numerous traffic violations and his pattern of drug use—and concluded that an upward variance to sixteen months' imprisonment was appropriate. See United States v. Diosdado-Star, 630 F.3d 359, 365 (4th Cir. 2011) (providing that court may vary from Guidelines range based on considerations other than Guidelines-sanctioned departures).

This sixteen-month sentence is not plainly unreasonable. See Crudup, 461 F.3d at 437-39. The district court complied with the requirements of sentencing and did not abuse its discretion in imposing Garland's sentence. Accordingly, we affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3